CV 14        3586        BRODIE, J.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

TYRON SKINNER,

                                  Plaintiff,

                - against -

CITY OF NEW YORK,
POLICE OFFICER JOHN/JANE DOE(S) #'S 1-4,

                                Defendants.

------------------------------------------------------------------------X

**COMPLAINT**

**PLAINTIFF DEMANDS TRIAL BY JURY ON ALL ISSUES**

Plaintiff, TYRON SKINNER, by his attorneys, NASS & ROPER LAW, LLP,

complaining of the Defendants, respectfully alleges, upon information and belief, as follows:

## I. PRELIMINARY STATEMENT

1.      This is a civil rights action in which Plaintiff, TYRON SKINNER, seeks damages to redress the deprivation, under color of state law, of rights secured to him under the Fourth, Fifth, Sixth and Fourteenth Amendments of the United States Constitution. On or about May 24th, 2013, at approximately 1:30 p.m., at or near the location of Utica Avenue and St. John's Place in the County of Kings, City and State of New York, Plaintiff was falsely arrested and assaulted by Defendants including, but not limited to, POLICE OFFICER JOHN DOE(S) #'S 1-4. It is alleged that Defendants falsely arrested Plaintiff and used excessive force in effectuating his arrest in violation of his constitutional rights.

## II. JURISDICTION

2.      Jurisdiction is conferred upon this Court by 28 U.S.C. §1343 (3) and (4), which provides for original jurisdiction in this court of all suits brought pursuant to 42 U.S.C. §1983, and by 28 U.S.C. §1331, which provides jurisdiction over all cases

brought pursuant to the Constitution and laws of the United States.  This Court has pendant jurisdiction over Plaintiff's state law claims.

### III. PARTIES

3.  Plaintiff, TYRON SKINNER, at all times relevant hereto resided in New York County, specifically 525 East 95th Street, in the City and State of New York.

4.  Defendant, CITY OF NEW YORK, (hereinafter "CITY") is a municipal corporation, incorporated pursuant to the laws of the State of New York, which operates the New York City Police Department (hereinafter "NYPD"), and as such is the public employer of the Defendant officers herein.

5.  Defendants, POLICE OFFICERS JANE/JOHN DOE(S) #'s 1-4 were NYPD police officers, and at all relevant times hereto, acted in that capacity as agents, servants, and/or employees of Defendant CITY and within the scope of their employment.

6.  At all relevant times hereto, Defendants were acting under the color of state and local law.  Defendants are sued in their individual and official capacities.  At all relevant times hereto, Defendant CITY was responsible for making and enforcing the policies of NYPD and was acting under the color of law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the State of New York and/or the City of New York.

### IV. FACTS

7.  On or about May 24th, 2013, at approximately 1:30 p.m., Plaintiff, TYRON SKINNER ("SKINNER"), was at or near the location of Utica Avenue and St. John's Place in the County of Kings, City and State of New York when he was speaking to a friend inside their vehicle.

2

8.    A car driving by collided with the vehicle SKINNER was standing next to and an argument began involving the drivers of both vehicles.

9.    As he was not involved in the incident, SKINNER walked away from the argument and got in his own vehicle to drive home.

10.   As SKINNER was leaving the scene, Defendants approached him and asked what happened.

11.   SKINNER responded that he had nothing to do with the incident, but Defendant police officer stood in front of his vehicle and would not let him leave.

12.   SKINNER got out of the vehicle and asked why the officer wouldn't let him leave and he was hit in the stomach causing injury.

13.   SKINNER was trying to explain to the officer that he had nothing to do with the incident when another Defendant police officer came from behind SKINNER and struck him causing severe injury.

14.   SKINNER was brought to the 77th precinct and placed in a holding cell for approximately 5.5 hours before being taken to Kings County Central Booking.

15.   While in custody at the 77th precinct, SKINNER requested medical attention but it was denied by Defendant police officers.

16.   SKINNER would wait in Kings County Central Booking for approximately four (4) hours before being brought to Interfaith Medical Center for treatment of his injuries.

17.   SKINNER was subsequently brought back to Central Booking where he was arraigned and released at approximately 2:15 a.m.

18.   SKINNER  would be forced to appear in court approximately seven (7) more times before all charges were/will be dismissed on or around July 13, 2014.

3

19.   That on or around the 17th day of July, 2013, Plaintiff's Notice of Claim and
Intention to sue was duly served upon and filed with the CITY; said Notice was filed
within ninety (90) days after the cause of action herein accrued and set forth the
names and post office address of Plaintiff, the nature of the claim, the time when, the
place where, the manner in which the claim arose and the items of damage and
injuries sustained.

20.   That at least thirty (30) days have elapsed since the demand or claim upon which
these actions are predicated was presented to CITY for adjustment or payment thereof
and that it has neglected and/or refused to make adjustment or payment thereof.

### V. FIRST CAUSE OF ACTION
### Pursuant to §1983 (FALSE ARREST)

21.   Paragraphs 1 through 20 of this complaint are hereby re-alleged and incorporated by
reference herein.

22.   That Defendants had neither valid evidence for the arrest of Plaintiff nor legal cause
or excuse to seize and detain him for approximately 5.5 hours.

23.   That in detaining Plaintiff for approximately 5.5 hours, and without a fair and reliable
determination of probable cause, Defendant CITY abused its power and authority as a
policymaker of the New York City Police Department under the color of State and/or
local law.

24.   Upon information and belief, it was the policy and/or custom of Defendant CITY to
inadequately supervise and train its officers, staff, agents and employees, thereby
failing to adequately discourage further constitutional violations on the part of their
officers, staff, agents and employees.

25.     As a result of the above described  policies and customs, the officers, staff, agents and

        employees of Defendant CITY believed that their actions would not be properly

        monitored by supervisory officers and that misconduct would not be investigated or

        sanctioned, but would be tolerated.

26.     The above described policies and customs demonstrated a deliberate indifference on

        the part of the policymakers of the CITY to the constitutional rights of arrestees and

        were the cause of the violations of Plaintiff's rights alleged herein.

27.     By reason of Defendants acts and omissions, Defendant CITY, acting under color of

        state law and within the scope of its authority, in gross and wanton disregard of

        Plaintiff's rights, subjected Plaintiff to an unlawful detention, in violation of the

        Fourth and Fourteenth Amendments of the United States Constitution and the laws of

        the State of New York.

28.     By reason of the foregoing, Plaintiff suffered mental injuries, deprivation of liberty

        and privacy, terror, humiliation, damage to reputation and other psychological

        injuries.  All of said injuries may be permanent.

### VI. SECOND CAUSE OF ACTION
#### Pursuant to State Law (FALSE ARREST)

29.     Paragraphs 1 through 28 are hereby re-alleged and incorporated by reference herein.

30.     That the seizure, detention and imprisonment of Plaintiff was unlawful in that

        Defendants had no probable cause to detain, arrest him.

31.     That Defendants intended to confine Plaintiff.

32.     That Plaintiff was conscious of the confinement and did not consent to it.

33.     That the confinement was not otherwise privileged.

34. By reason of Defendants acts and omissions, Defendants, acting in gross and wanton disregard of Plaintiff's rights, deprived him of his liberty when they subjected him to an unlawful, illegal and excessive detention, in violation of State law.

35. That by reason of the foregoing, Plaintiff suffered mental injuries, economic injury, deprivation of liberty and privacy, terror, humiliation, damage to reputation and other psychological injuries.  All of said injuries may be permanent.

### VII. THIRD CAUSE OF ACTION
### Pursuant to §1983 (EXCESSIVE FORCE)

36. Paragraphs 1 through 35 are hereby re-alleged and incorporated by reference herein.

37. That the incident that resulted from the intentional application of physical force by Defendants constituted a seizure.  That the use of excessive force in effectuating the seizure was unreasonable under the circumstances.

38. That Defendants had no legal cause or reason to use excessive force in effectuating Plaintiff's arrest.

39. That Defendants violated Plaintiff's Fourth and Fourteenth Amendment right to be free from unreasonable seizures when they used excessive force against him.

40. That at the time of the arrest, Plaintiff did not pose a threat to the safety of the arresting officers.

41. That Plaintiff was not actively resisting arrest or attempting to evade arrest.

42. That Defendant CITY, through its officers, agents, and employees, unlawfully subjected Plaintiff to excessive force while effectuating his arrest.

43. That Defendants' actions were grossly disproportionate to the need for action and were unreasonable under the circumstances.

44. That by reason of Defendants acts and omissions, acting under color of state law and within the scope of his authority, in gross and wanton disregard of Plaintiff's rights, subjected Plaintiff to excessive force while effectuating his arrest, in violation of his rights pursuant to the Fourth and Fourteenth Amendments of the United States Constitution.

45. That upon information and belief, in 2013, Defendant CITY had a policy or routine practice of using excessive force when effectuating arrests.

46. That upon information and belief, it was the policy and/or custom of defendant CITY to inadequately train, supervise, discipline, and/or terminate their officers, staff, agents and employees, thereby failing to adequately discourage further constitutional violations on the part of their officers, staff, agents and employees.

47. That as a result of the above described policies and customs, the officers, staff, agents and employees of defendant CITY, believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

48. That the above described policies and customs demonstrate a deliberate indifference on the part of the policymakers of Defendant CITY to the constitutional rights of arrestees and were the cause of the violations of Plaintiff's rights alleged herein.

49. By reason of the foregoing, Plaintiff suffered physical injuries, mental injuries, emotional injuries, economic injury, trauma, humiliation, terror, damage to reputation, and other psychological injuries. All of said injuries may be permanent.

## VIII. FOURTH CAUSE OF ACTION
### Pursuant to State Law (EXCESSIVE FORCE)

50. Paragraphs 1 through 49 are hereby re-alleged and incorporated by reference herein.

51. That the incident that resulted from the intentional application of physical force by Defendants constituted a seizure.

52. That the use of excessive force in effectuating the seizure was unreasonable under the circumstances.

53. That Defendants had no legal cause or reason to use excessive force in effectuating Plaintiff's arrest.

54. That at the time of the arrest, Plaintiff did not pose a threat to the safety of the arresting officers.

55. That Plaintiff was not actively resisting arrest or attempting to evade arrest.

56. That Defendants' actions were grossly disproportionate to the need for action and were unreasonable under the circumstances.

57. That by reason of Defendants acts and omissions, Defendants, acting under color of state law and within the scope of their authority, in gross and wanton disregard of Plaintiff's rights, subjected Plaintiff to excessive force while effectuating his arrest, in violation of the laws of the State of New York

58. By reason of the foregoing, Plaintiff suffered physical injuries, mental injuries, emotional injuries, economic injury, trauma, humiliation, terror, damage to reputation, and other psychological injuries.  All of said injuries may be permanent.

### IX. FIFTH CAUSE OF ACTION
### Pursuant to State Law (ASSAULT and BATTERY)

59. Paragraphs 1 through 58 are hereby re-alleged and incorporated by reference herein.

60. That Defendants intended to cause harmful bodily contact to Plaintiff.

61. That Defendants, in a hostile manner voluntarily caused Plaintiff's injuries.

62. That Defendants contact with Plaintiff constituted a battery in violation of the laws of the State of New York.

63. That by reason of the foregoing, Plaintiff suffered physical injuries, mental injuries, emotional injuries, economic injury, trauma, humiliation, terror, damage to reputation, and other psychological injuries. All of said injuries may be permanent.

### X. SIXTH CAUSE OF ACTION
### Pursuant to Federal Law (DELIBERATE INDIFFERENCE TO A SERIOUS MEDICAL NEED)

64. Paragraphs 1 through 63 are hereby re-alleged and incorporated by reference herein.

65. That, at all times herein mentioned, Plaintiff, TYRON SKINNER, repeats, reiterates and re-alleges each and every allegation contained herein as though set forth at length herein.

66. That while SKINNER was in the custody of Defendants, the deprivation of medical attention for his injuries presented a condition of urgency for him; one that could have produced degeneration.

67. That the above-mentioned deprivation caused extreme pain and suffering to Plaintiff, TYRON SKINNER, and that Defendants were all made aware of SKINNER's serious medical needs, but consciously disregarded a substantial risk of serious harm to SKINNER by refusing him medical treatment while in custody at the 77th police precinct.

68. That on May 24, 2013, Defendants, deprived SKINNER of his liberty by refusing him medical treatment for his injuries with indifference to his medically urgent needs in violation of the Laws of the State of New York, all while in the scope and furtherance of their employment.

9

69.   That as a direct, proximate cause of Defendants' medical indifference to SKINNER'S dire medical needs, SKINNER has suffered great physical and injuries, resulting in pain and suffering, as well as disruption of his life and loss of enjoyment of the ordinary pleasures of everyday life.

## XI. SEVENTH CAUSE OF ACTION
## Pursuant to State Law (DELIBERATE INDIFFERENCE TO A SERIOUS MEDICAL NEED)

70.   Paragraphs 1 through 69 are hereby re-alleged and incorporated by reference herein.

71.   That, at all times herein mentioned, Plaintiff, TYRON SKINNER, repeats, reiterates and re-alleges each and every allegation contained herein as though set forth at length herein.

72.   That while Plaintiff, TYRON SKINNER, was in the custody of Defendants, the deprivation of medical attention for Plaintiff's injuries presented a condition of urgency for Plaintiff; one that could have produced degeneration.

73.   That the above-mentioned deprivation caused extreme pain and suffering to SKINNER and that Defendants were all made aware of Plaintiff's serious medical needs, but consciously disregarded a substantial risk of serious harm to Plaintiff by refusing him medical treatment while in custody at the 77th police precinct.

74.   That on May 24, 2013, Defendants deprived SKINNER of his liberty by refusing him medical treatment in violation of the Laws of the State of New York, all while in the scope and furtherance of their employment.

75.   That as a direct, proximate cause of Defendants' medical indifference to SKINNER dire medical needs, Plaintiff has suffered great physical and injuries, resulting in pain

and suffering, as well as disruption of his life and loss of enjoyment of the ordinary

pleasures of everyday life.

## XII. EIGHTH CAUSE OF ACTION
### Pursuant to State Law (RESPONDEAT SUPERIOR)

76.   Paragraphs 1 through 75 are hereby re-alleged and incorporated by reference herein.

77.   That at all times, all Defendants were acting within the scope of their employment.

78.   That Defendant CITY was able to exercise control over Defendant Officers'

activities.

79.   That Defendant CITY is liable for Defendant Officers' actions under the doctrine of

respondeat superior.

80.   By reason of the foregoing, Plaintiff suffered mental injuries, emotional injuries,

economic injury, trauma, humiliation, terror, damage to reputation, and other

psychological injuries.  All of said injuries may be permanent.


**INJURY AND DAMAGES**

As a result of the acts and conduct complained of herein, Plaintiff has suffered and

will continue to suffer, emotional pain, suffering, inconvenience, injury to his

reputation, loss of enjoyment of life, loss of liberty and other non-pecuniary losses.

Plaintiff has further experienced severe emotional and physical distress.

WHEREFORE, Plaintiff respectfully requests that judgment be entered:

1.   Awarding Plaintiff compensatory damages in a full and fair sum to be

determined by a jury;

2.   Awarding Plaintiff punitive damages in an amount to be determined by a jury;

3.  Awarding Plaintiff interest from May 24, 2013; and

4.  Awarding Plaintiff reasonable attorney's fees pursuant to 42 USC §1988; and

5.  Granting such other and further relief as to this Court seems proper.

Dated: New York, NY
      June 2, 2014

                                      Yours, etc.

                                        JUSTIN M. ROPER, ESQ.
                                        *ATTORNEY FOR PLAINTIFF*
                                        NASS & ROPER LAW, LLP
                                        14 PENN PLAZA, SUITE 2004
                                        NEW YORK, NEW YORK 10122

## **ATTORNEY'S VERIFICATION**

JUSTIN M. ROPER, ESQ., an attorney duly admitted to practice before the Courts of the State of New York, affirms the following to be true under the penalties of perjury:

I am an attorney and member of NASS & ROPER LAW, LLP, attorneys for Plaintiff, TYRON SKINNER.  I have read the annexed COMPLAINT and know the contents thereof, and the same are true to my knowledge, except those matters therein which are stated to be alleged upon information and belief, and as to those matters I believe them to be true.  My belief, as to those matters therein not stated upon knowledge, is based upon facts, records, and other pertinent information contained in my files.

The reason this verification is made by me and not Plaintiff is that Plaintiff is not presently in the county wherein the attorneys for the Plaintiff maintain their offices.

DATED:      New York, New York
            June 2, 2014

                                        _____
                                        JUSTIN M. ROPER, ESQ.

13

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

TYRON SKINNER,

                              Plaintiff,

  – against –


CITY OF NEW YORK, ET AL.

                              Defendants.


SUMMONS & VERIFIED COMPLAINT



NASS & ROPER LAW, LLP
*Attorneys for Plaintiff*
TYRON SKINNER
14 Penn Plaza, Suite 2004
New York, New York 10122
(718) 775-3246
Fax: (718) 775-3246[*]

---

[*] Not for service of papers.