```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
```

- - - - - - - - - - - - - - - - - - -X

TYRON SKINNER,

                Plaintiff,

<u>ORDER</u>

    - against -

CV 2014-3586 (MKB)(MDG)

CITY OF NEW YORK, <u>et al.</u>,

                Defendants.

- - - - - - - - - - - - - - - - - - -X

      Plaintiff has moved for leave to proceed <u>in</u> <u>forma</u> <u>pauperis</u> under 28 U.S.C. § 1915. Section 1915(a) of Title 28 provides that:

> Any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees and costs or security therefor, by a person who makes an affidavit that he is unable to pay such costs or give security therefor.

Because plaintiff has established by affidavit that he is currently unable to pay such costs or to give security therefor, his application is granted.

      However, plaintiff may recover funds later in this action sufficient to enable him to repay the filing fee. If he is a prevailing party after trial, he is entitled to recover costs pursuant to Fed. R. Civ. P. 54(d)(1) and is authorized to recover filing fees under Local Civil Rule 54.1(c)(10). Thus, should plaintiff recover monies in this litigation, whether after trial or other disposition on the merits, or in settlement, plaintiff must reimburse the Court for the fees and costs that are waived by this

order.  See Fodelmesi v. Schepplerly, 944 F. Supp. 285, 286 (S.D.N.Y. 1996); cf. Flint v. Haynes, 651 F.2d 970 (4th Cir. 1981) (finding that use of the word "prepayment" in section 1915(a) "indicates that Congress did not intend to waive forever the payment of costs, but rather it intended to allow qualified litigants to proceed without having to advance the fees and costs associated with litigation.").

In addition, 28 U.S.C. § 1915(d) and F.R.C.P. 4(c)(3) require that when a plaintiff is authorized to proceed in forma pauperis, the court shall order a U.S. Marshal or someone specially appointed to effect service.  Plaintiff's counsel is hereby appointed to serve process on the defendants by mail.  The docket sheet reflects that a summons was issued.  This Court notes that the Marshals ordinarily serve process by mail, see Manson v. Simply Food LIC LLC, 2010 WL 376644 at *2 (E.D.N.Y. Jan. 26, 2010) (discussing the Marshal's service by mail).

**SO ORDERED.**

Dated:   Brooklyn, New York
         June 10, 2014

                                  __/s/_____
                                  MARILYN D. GO
                                  UNITED STATES MAGISTRATE JUDGE